[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12256
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cv-60156-DLG

EDMUND C. SCARBOROUGH,

Plaintiff-Counter-Defendant-
Third Party Plaintiff-Cross-
Defendant-Appellant,

versus

CAROTEX CONSTRUCTION, INC.,
VICTOR BLACKMON,
JOYCE BLACKMON,
RICHARD FLANDERS ENTERPRISES, INC.,

Defendants-Cross-
Defendants-Appellees,

WESCO DISTRIBUTIONS, INC.,

Defendant-Counter-Claimant,

G. PROULX, LLC, et al.,

Defendants-Cross-Claimants
Counter-Claimants,

HSBC REALTY CREDIT CORPORATION (USA), et al.,

Defendants,

FIRST MOUNTAIN BANCORP, et al.,

Third Party Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 15, 2011)

Before CARNES, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Edmund C. Scarborough ("Scarborough") appeals the

district court's dismissal of his Amended Complaint for lack of subject matter

2

jurisdiction. After review, we affirm.

## I. BACKGROUND

### A. The Amended Complaint

On January 28, 2009, plaintiff Scarborough filed a declaratory action in district court against the defendants and on May 11, 2009 filed an Amended Complaint. The district court later permitted Scarborough to supplement the Amended Complaint to join additional defendants. In his Amended Complaint, Scarborough pled only diversity jurisdiction under 28 U.S.C. § 1332 and did not plead federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiff's Amended Complaint, as later supplemented, alleged these facts. The defendant Carotex Construction, Inc. ("Carotex") is a Texas corporation that is licensed as a Certified General Contractor in Florida. Joyce and Victor Blackmon own Carotex. Joyce Blackmon is the President; Victor Blackmon is the Vice President.

On November 10, 2006, defendant Carotex, as the contractor, entered into a construction contract with the defendant Sunrise VA Medical, LLC ("SVAM"), as the owner, to construct a clinic, known as the VA Outpatient Clinic (the "Project"). SVAM is a foreign company authorized to conduct business in Florida. SVAM owns the real property in Broward County, Florida on which the

3

Project was to be constructed (the "Property"). SVAM is managed by Seavest, Inc. ("Seavest"), a foreign corporation that is not authorized to do business in Florida.

On December 14, 2006, defendant Carotex, as principal, and plaintiff Scarborough, as individual surety, furnished a payment bond (the "Payment Bond") and performance bond (the "Performance Bond"). Both the Payment Bond and the Performance Bond are attached as Exhibit A to the Amended Complaint.

Beginning in May 2008, the defendant claimants (the "Claimants")[1] began furnishing labor, services or materials for the Project at the request of the defendant SVAM (the owner), as opposed to Carotex (the contractor). Defendant SVAM began making payments directly to certain of the Claimants for the labor, services or materials allegedly furnished.

---

[1]The "Claimants" listed in the Amended Complaint (as supplemented) are as follows: G. Proulx, LLC; Wesco Distributions, Inc.; Stanley Access Technologies, LLC; ASA Carlton, Inc.; M&M Concrete Pumping, Inc.; Ferguson Fire & Fabrication, Inc.; American Cutting and Drilling Company; Specialties Source, Inc.; Construction Industry Associates, Inc.; Richard Flanders Enterprises, Inc.; City Electric Supply Company; Banner Supply Company Pompano; B&R Glass and Glazing, Inc.; Coral Construction of South Florida, Inc.; Coral Contracting LLC; Tri-County Building Specialties; Rauland-Borg Corporation of Florida; Sunbelt Rentals, Inc.; Windmill Sprinkler Co., Inc.; Allied Barton Security Services LLC; Continental Florida Materials, Inc.; Decon Environmental & Engineering, Inc.; Florida Designer Cabinetry; Randall Rents of Florida, Inc.; Elan Landscape, Inc.; American Equipment Rental, Inc.; All Construction Fastening Systems, Inc.; Tampco Group, Inc.; Kelly Refrigeration Services, Inc.; and Mac-Products, Inc.

The Claimants served notices of nonpayment to plaintiff Scarborough (the surety), alleging that they had furnished labor, services, or materials for the improvement of the Property but had not been fully paid. Scarborough's Amended Complaint alleged that each defendant Claimant seeks payment solely for labor, services or materials it had furnished at SVAM's behest. None of the Claimants sought payment for labor, services, or materials furnished at Carotex's behest.

In Count I, plaintiff Scarborough sought a declaratory judgment against the defendant Claimants that Scarborough was not liable under the Payment Bond to any of the Claimants for labor, services or materials furnished after the Claimants began furnishing labor, services, or materials at SVAM's direction and behest. In Count II, plaintiff Scarborough sought a declaratory judgment against defendants HSBC Realty Credit Corporation (USA) ("HSBC") and SVAM, obligees on the Performance Bond (the "Obligees"), as well as Seavest, that Scarborough was not liable to the Obligees or Seavest under the Performance Bond because the Obligees failed to declare Carotex to be in default, to terminate the contract, or to give Scarborough an opportunity to perform under the Performance Bond.

Plaintiff Scarborough also brought claims against the defendants Carotex, Joyce Blackmon, and Victor Blackmon for breach of a General Agreement of

5

Indemnity (Count III), for specific performance (Count IV), and for preliminary injunctive relief (Count V).

## C.    Defendant SVAM's Motion to Dismiss

On October 19, 2009, defendant SVAM filed a motion to dismiss Scarborough's Amended Complaint for lack of subject matter jurisdiction due to the absence of complete diversity between the parties, arguing that plaintiff Scarborough is a citizen of Florida, as are fifteen of the defendants listed in Scarborough's Amended Complaint. In response, Scarborough did not argue diversity jurisdiction. Instead, Scarborough's response raised federal question jurisdiction, arguing that (1) the Project was a "public work of the Federal Government" under 40 U.S.C. § 3131(b), and (2) that therefore the claims against Scarborough under the Payment and Performance Bonds arose under the Miller Act, 40 U.S.C. § 3133(b), pursuant to which federal courts have exclusive jurisdiction. See 40 U.S.C. § 3133(b)(3)(B).[2]

---

[2]The Miller Act requires a person awarded a contract for the construction, alteration or repair of "any public building or public work of the Federal Government" to post performance and payment bonds for the protection of the United States and persons furnishing labor or material. 40 U.S.C. § 3131(b) (emphasis added). In the event of the contractor's nonpayment for such work or material, "[e]very person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under [§] 3131 of this title . . . may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought . . . ." 40 U.S.C. § 3133(b)(1). Federal courts have exclusive jurisdiction over claims brought under the Miller Act. 40 U.S.C. § 3133(b)(3)(B).

The district court concluded that there was no diversity jurisdiction or federal question jurisdiction. The district court dismissed the Amended Complaint without prejudice for lack of subject matter jurisdiction. As to federal question jurisdiction, the district court noted that "Scarborough failed to plead a federal question as the basis for this Court's jurisdiction in its Amended Complaint . . . ." The district court concluded that in any event, the Project is not a public work for the purposes of the Miller Act and as a result, it could not exercise federal question jurisdiction.[3]

Plaintiff Scarborough now appeals the district court's dismissal of the Amended Complaint. Scarborough concedes lack of diversity jurisdiction and argues only federal question jurisdiction under 28 U.S.C. § 1331.[4]

## III. DISCUSSION

---

[3]Prior to this case, the district court had another case involving this same Project and one Claimant, Wesco Distribution, Inc. ("Wesco"). Wesco sued Scarborough in state court for, inter alia, breach of the Payment Bond, and Scarborough removed the case to federal court. The district court granted Wesco's motion to remand the case to state court, finding no diversity or federal question jurisdiction. The district court found that the Project was not a "public work of the Federal Government" under the Miller Act because the government (1) is not a party to the construction contract between SVAM and Carotex, (2) does not own the Property, and (3) did not provide funding for the Project.

In its order in this case, the district court cited its holding in the earlier case, stating that both cases involved "the identical project, identical surety and the identical owner of the property, all factors considered in the Court's determination."

[4]We review de novo a district court's decision to grant a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009).

7

Pursuant to 28 U.S.C. § 1331, district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for the purposes of § 1331." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830, 122 S. Ct. 1889, 1893 (2002). Under the "well-pleaded-complaint" rule, the Supreme Court has stated that "[a] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062 (2003) (quotation marks omitted and emphasis added). For federal question jurisdiction to exist, a plaintiff's complaint must "claim a right to recover under the Constitution and laws of the United States." Bell v. Hood, 327 U.S. 678, 681, 66 S. Ct. 773, 775 (1946).

In addition, Federal Rule of Civil Procedure 8(a)(1) provides that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). A court may find a basis for federal question jurisdiction even if a complaint lacks such a jurisdictional statement, so long as the complaint makes "references to federal law sufficient to permit the court to find § 1331 jurisdiction." Miccosukee Tribe of Indians v. Kraus-

8

Anderson Constr. Co., 607 F.3d 1268, 1275-76 (11th Cir. 2010) ("Rule 8(a)(1) is satisfied if the complaint says enough about jurisdiction to create some reasonable likelihood that the court is not about to hear a case that it is not supposed to have the power to hear." (quotation marks and brackets omitted)), petition for cert. filed, 79 U.S.L.W. 3361 (U.S. Nov. 29, 2010) (No. 10-717). However, where a complaint is "devoid of a single citation to a Constitutional provision, a federal statute, or a recognized theory of common law as the basis for the allegation that the [plaintiff's] cause of action arises under federal law," we have held that the allegations are insufficient to establish jurisdiction under § 1331. See id. at 1276.

Regardless of whether the Project at issue in this case is in fact a "public work," we conclude that the allegations in the Amended Complaint are insufficient to establish federal question jurisdiction under the Miller Act. Scarborough's Amended Complaint does not mention or cite the Miller Act, nor does it allege that the Project was a public work of the federal government. It contains no allegations that the federal government provided funding for the Project, is a party to the construction contract between SVAM or Carotex, has any ownership interest in the Property, or had any involvement whatsoever in the Project. The only reference to the federal government is not in the Amended Complaint but in the language in Exhibit A (the Bonds) binding Carotex and Scarborough to "the

9

United States of America, acting through the Secretary of the Department of Veterans Affairs." Nowhere in the factual allegations of the Amended Complaint is there an allegation supporting the notion that the Claimants' claims under the Bonds fall within the purview of the Miller Act.

Scarborough argues that, because defendant SVAM made a "factual attack," rather than a "facial attack," on the district court's subject matter jurisdiction by arguing that the Project is not a "public work" under the Miller Act, the district court should have applied a Rule 56 summary judgment standard to assess whether the work at issue is a "public work" under the Miller Act. Scarborough argues the issue of whether the Payment Bond and Performance Bond were issued pursuant to the Miller Act is "core to the issues which Scarborough requested the trial court to determine" in the Amended Complaint.

This argument is without merit. Scarborough's Amended Complaint seeks a declaratory judgment that he is not liable under the Payment and Performance Bonds because the Claimants sought payment for labor and supplies furnished at the request of the owner SVAM, not the contractor Carotex, and because HSBC and SVAM failed to declare Carotex to be in default on the construction contract or take steps that would allow Scarborough to perform. Nowhere in Scarborough's Amended Complaint does he make any reference to the federal

government's involvement in the Project, the Miller Act, or the status of the Project as a "public work."[5]  Importantly, after the motion to dismiss was filed, Scarborough never sought leave from the district court to amend the Amended Complaint in the district court to make any such allegations.  Under these particular circumstances, we conclude that the Amended Complaint's allegations are insufficient to establish a federal question under § 1331.  See Miccosukee Tribe of Indians, 607 F.3d at 1276.

Because the Amended Complaint fails to satisfy the well-pleaded complaint rule as to federal question jurisdiction, and because Scarborough never sought leave to amend the Amended Complaint to correct its deficiencies, the district court did not err in concluding it had no jurisdiction.[6]  The parties agree that there

---

[5]This Court has not yet defined what makes a construction project a "public work" within the meaning of the Miller Act, nor does the Miller Act itself provide a definition.  In a case involving a project authorized under the National Industrial Recovery Act, the Supreme Court concluded that a library constructed on the campus of Howard University was a "public work" within the meaning of the Miller Act because it was constructed with funds from the federal government and was established to serve the interest of the general public, despite the fact that Howard University was a private institution and held title to the land and the buildings.  United States ex rel. Noland Co. v. Irwin, 316 U.S. 23, 28-30, 62 S. Ct. 899, 902 (1942); see also Operating Eng'rs Health & Welfare Trust Fund v. JWJ Contracting Co., 135 F.3d 671, 675 (9th Cir. 1998) ("Although there is no clear test for designating a project a 'public work of the United States,' courts often look to the following as indicia: whether the United States is a contracting party, an obligee to the bond, an initiator or ultimate operator of the project; whether the work is done on property belonging to the United States; or whether the bonds are issued under the Miller Act.").

[6]Scarborough also contends that the district court erred because it based its dismissal of the Amended Complaint in part on its earlier order in the Wesco case, in which it found that the

11

is no diversity jurisdiction under § 1332, and there is no other basis for subject matter jurisdiction asserted.  Therefore, the district court did not err in dismissing the Amended Complaint without prejudice for lack of subject matter jurisdiction.[7]

**AFFIRMED.**

---

Project at issue was not a "public work" within the meaning of the Miller Act.  Scarborough contends that the district court's finding in the Wesco action was based solely on the factual allegations in Wesco's complaint and cannot apply here.

Because we conclude that Scarborough's Amended Complaint failed, on its face, to present sufficient factual allegations of a federal question such that it satisfied the "well pleaded complaint" rule, we decline to address whether the district court erred in basing its dismissal on a finding that the Project was not a "public work" within the meaning of the Miller Act.

[7]Plaintiff Scarborough's August 2, 2010 motion to supplement the record is DENIED.